UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF FLORIDA

CHRISTOPHER XENOS,           )
                             )
        Plaintiff            )
                             )  **Case No.:**
    v.                       )
                             )  **COMPLAINT AND DEMAND FOR**
CAPITAL ONE,                 )  **JURY TRIAL**
                             )
        Defendant            )
                             )

## COMPLAINT

CHRISTOPHER XENOS ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., allege the following against CAPITAL ONE ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq* ("TCPA") and the Florida Consumer Collection Practices Act, Florida Statute §559.55 *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the TCPA. See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. 2010).

4.

5. Defendant conducts business in the State of Florida, and as such, personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

7. Plaintiff is a natural person residing in Tamarac, Florida 33321.

8. Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(8).

9. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

10. Defendant is a corporation with its principal place of business located at 1680 Capital One Drive, McLean, Virginia 22101.

11. Defendant is a "person" as that term is defined by 47 U.S.C. § 153 (39).

12. At all relevant times, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

13. Plaintiff has a cellular telephone number that he has had for at least two years.

14. Plaintiff has only used this phone as a cellular telephone.

15. Beginning in or around July 2015 and continuing thereafter, Defendant called Plaintiff on his cellular telephone on a daily basis, typically calling once per day regarding an alleged debt.

16. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or automatic and/or pre-recorded messages.

17. Plaintiff received live calls with real people in addition to the automated calls.

18. Plaintiff knew that Defendant's calls were automated since she would wait during a pause or delay at the beginning of a call prior to being transferred or connected to one of Defendant's representatives.

19. Defendant's telephone calls were not made for "emergency purposes."

20. Upon initial communication with Defendant in or around July 2015, Plaintiff spoke to Defendant, told Defendant he could not afford to pay the alleged debt, and told Defendant to stop calling.

21. Despite Plaintiff's revocation of consent as well as further demands to cease and desist telecommunications, Defendant instead persisted in calling him daily.

22. Defendant's incessant calls were exasperating and aggravating to Plaintiff.

23. Upon information and belief, Defendant conducts its business in a manner that violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice and/or automatic telephone dialing system.

26. Defendant's calls to Plaintiff were not made for "emergency purposes."

27. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent, as any consent Defendant may have thought it had to call Plaintiff was revoked when Plaintiff repeatedly told Defendant to stop calling him.

28. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

29. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

30. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

31. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32. Any person attempting to collect a consumer debt violates § 559.72(7) by willfully communicating with the debt with such frequency as can reasonably be expected to harass the debtor or willfully engaging in other conduct which can be reasonable excepted to abuse or harass, the debtor, such as causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass.

33. Defendant violated § 559.72(7) when it placed repeated and continuous telephone calls to Plaintiff within the two years preceding the filing of this Complaint knowing its calls were unwanted.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, CHRISTOPHER XENOS, respectfully prays for a judgment as follows:

   a. Statutory damages of $1,000.00 pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and

   b. Costs and reasonable attorneys' fees pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and

   c. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

   d. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

   e. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

   f. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

   g. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CHRISTOPHER XENOS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: January 18, 2019        By: */s/ Amy L. Bennecoff Ginsburg*
                                          Amy L. Bennecoff Ginsburg, Esq.
                                          Kimmel & Silverman, P.C.
                                          30 E. Butler Pike
                                          Ambler, PA 19002
                                          Phone: (215) 540-8888
                                          Fax: (877) 788-2864
                                          Email: aginsburg@creditlaw.com